UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>378 N. Main Avenue<br>Tucson, AZ 85701,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES FOREST SERVICE,<br>1400 Independence Avenue, SW<br>Washington, D.C. 20250-0030,<br><br>      Defendant. | Case No.: _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

    1.    Plaintiff Center for Biological Diversity ("the Center") challenges the United States Forest Service's ("Forest Service") ongoing violations of the Freedom of Information Act, 5 U.S.C. § 552, as amended (FOIA), resulting from the agency's failure to timely respond to a request for records concerning the agency's adoption of two Categorical Exclusions under the National Environmental Policy Act (NEPA). Specifically, on July 3, 2025, the Center requested from the Forest Service:

> [F]rom March 1, 2025 to May 12, 2025 the records documenting the Forest Service's adoption of two Tennessee Valley Authority ("TVA") categorical exclusions (30 and 31), including consultation with TVA, as announced in the Adoption of Categorical Exclusions Under Section 109 of the National Environmental Policy Act ("NEPA") document posted on the Forest Service's website.

    2.    At the time of filing this Complaint, over 160 days have passed since the Center submitted its FOIA request. To date, the Forest Service has not provided the requested records.

3. The Center challenges the Forest Service's FOIA violations resulting from its failure to respond to the Center's request and seeks declaratory and injunctive relief to require the Forest Service to promptly search for and produce the requested record without further delay.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA. Declaratory and injunctive relief is appropriate under FOIA, 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. §§ 2201-2202.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district because the responsive records may be found in this district.

## PARTIES

6. Plaintiff Center for Biological Diversity ("the Center") is a national, non-profit conservation organization with offices across the country. The Center has over 93,000 active members. The Forest Service's failure to comply with FOIA impairs the Center's ability to provide full, accurate, and current information to the public on a matter of significant public interest. Absent this information, the Center is hampered in its ability to advance its mission to protect native species and their habitats. The Center and its members are harmed by the Forest Service's ongoing violations of FOIA, which are preventing the Center from gaining a full understanding of the Forest Service's activities, priorities, and decisionmaking regarding its adoption of the Categorical Exclusions.

7. Defendant United States Forest Service is an agency within the United States Department of Agriculture. The Forest Service is in possession and control of the records that the Center seeks and, as such, it is an agency subject to FOIA pursuant to 5 U.S.C. § 552(f)(1) and is responsible for fulfilling the Center's FOIA request.

## STATUTORY BACKGROUND

8. FOIA's basic purpose is government transparency. It establishes the public's right to access federal agency records, with certain narrow exceptions. 5 U.S.C. § 552(b)(1)-(9).

9. Each agency must generally make records promptly available to any person upon a request for records which reasonably describes such records. *Id.* § 552(a)(3)(A).

10. Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and must immediately notify the requester of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i).

11. Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). If it provides written notice that it cannot process the request within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative timeframe for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

12. Unusual circumstances means, to the extent reasonably necessary to the proper processing of the request, the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct

records which are demanded in a single request; or the need for consultation with another agency having a substantial interest in the determination of the request. *Id.* § 552(a)(6)(B)(iii).

13. FOIA requires each agency to undertake a search for requested records in a manner reasonably calculated to locate all records responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

14. FOIA requires federal agencies to promptly disclose requested records. *Id.* §§ 552(a)(3)(A) & 552(a)(6)(C)(i).

15. In certain limited instances, an agency may withhold records under one or more of nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

16. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

17. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.*

18. An agency may only withhold records if the agency reasonably foresees that disclosure would harm an interest protected by a FOIA exemption or disclosure is otherwise prohibited by law. *Id.* § 552(a)(8)(A).

## FACTUAL BACKGROUND

19. On July 3, 2025, the Center submitted a FOIA request to the Forest Service requesting:

> [F]rom March 1, 2025 to May 12, 2025 the records documenting the Forest Service's adoption of two Tennessee Valley Authority ("TVA") categorical exclusions (30 and 31), including consultation with TVA, as announced in the

4

Adoption of Categorical Exclusions Under Section 109 of the National Environmental Policy Act ("NEPA") document posted on the Forest Service's website.

20. On July 27, 2025, the Forest Service informed the Center by email that it received the FOIA request, and that it had assigned it the tracking number 2025-FS-WO-08208-F.

21. On September 17, 2025, the Center sent an email to the Forest Service requesting an update on the status of its July 3, 2025 request and asked for an estimated completion date.

22. On September 29, 2025, the Center sent an email to the Forest Service requesting a status update on its July 3, 2025 request.

23. On September 30, 2025, the Forest Service sent the Center an email with the following update: "I have submitted the eDiscovery request for the search to be conducted."

24. On November 17, 2025, the Center sent an email to the Forest Service requesting a status update on its July 3, 2025 request. The Forest Service responded the same day explaining, as relevant here:

> I am still triaging the 1000+ emails that I got over the shutdown. I haven't seen anything from eDiscovery on any of my pending searches, so they are on my list this afternoon to get an estimate of how long this search and a few others will take to complete.
>
> As soon as I have some records, I will touch base with you to give you an estimate of when they will be out to you and talk through if there are any issues.

25. On November 17, 2025, the Forest Service sent the Center an email explaining that the staff person would seek to determine "how long this search and a few others will take to complete" and adding: "As soon as I have some records, I will touch base with you to give you an estimate of when they will be out to you and talk through if there are any issues."

26. On December 1, 2025, the Center sent an email to the Forest Service requesting a status update on its July 3, 2025 request.

5

27. On December 5, 2025, the Center sent a letter to the Forest Service titled "Notice of Deadline Violation, Request for Estimated Date of Completion and Offer to Assist for U.S. Forest Service FOIA request 2025-FS-WO-08208-F."

28. As of the date of this filing, the Center has received no records from the Forest Service in response to the Center's July 3, 2025 FOIA request. On information and belief, the Forest Service has failed to conduct a search for records responsive to the Center's July 3, 2025 request. The Forest Service's failure to conduct an adequate search and failure to provide all responsive records to the Center undermines FOIA's primary purpose of governmental transparency.

29. The Forest Service has not shown or demonstrated that there are any unusual circumstances concerning the Center's July 3, 2025 FOIA request, as defined by FOIA. 5 U.S.C. § 552(a)(6)(B)(iii).

## CLAIM FOR RELIEF

30. The Center re-alleges and incorporates by reference all preceding paragraphs.

31. The Center has a statutory right to have the Forest Service process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). The Forest Service has violated and remains in violation of the Center's rights under FOIA by unlawfully delaying and failing to undertake a search reasonably calculated to locate all records that are responsive to the Center's July 3, 2025 FOIA request. *Id*.

32. The Forest Service violated FOIA, and remains in violation of FOIA, by failing to determine within 20 working days whether to comply with the Center's July 3, 2025 FOIA request, and failing to immediately notify the Center of such determination, the right to seek

assistance from the FOIA Public Liaison of the Forest Service, and the right to appeal. 5 U.S.C. § 552(a)(6)(A).

33. The Forest Service has violated and remains in violation of FOIA by refusing to promptly disclose the records responsive to the Center's July 3, 2025 FOIA request. 5 U.S.C. § 552.

34. The Center has a statutory right to the records it seeks and there is no legal basis for the Forest Service to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center. *See* 5 U.S.C. § 552(b)(1)-(9). To the extent the Forest Service is invoking any of these exemptions, the Forest Service is unlawfully withholding from disclosure records that are responsive to the Center's July 3, 2025 FOIA request.

35. The Forest Service also lacks any legal basis to claim that it reasonably foresees that disclosure of the requested records would harm an interest protected by a FOIA exemption or that disclosure is otherwise prohibited by law. 5 U.S.C. § 552(a)(8)(A).

36. The Center has a statutory right to any reasonably segregable portion of a record that may contain information lawfully subject to any of FOIA's exemptions. 5 U.S.C. § 552(b). The Forest Service is violating the Center's rights in this regard to the extent it is unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's July 3, 2025 FOIA request. *Id.*

37. Based on the nature of its organizational activities, the Center will undoubtedly continue to employ FOIA's provisions in record requests to the Forest Service in the foreseeable future. The Center's organizational activities and interests will be adversely affected if the Forest Service continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

38. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Forest Service will continue to violate the Center's right to receive public records under FOIA, including the records requested in the Center's July 3, 2025 FOIA request.

**RELIEF REQUESTED**

WHEREFORE, the Center requests that the Court:

A. Order the Forest Service to promptly conduct a search reasonably calculated to locate all records responsive to the Center's July 3, 2025 FOIA request;

B. Order the Forest Service to provide to the Center, by a date certain, all responsive records and reasonably segregable portions of lawfully exempt records sought in this action;

C. Declare that the Forest Service's failure to timely undertake a search for and disclose to the Center all records responsive to the Center's July 3, 2025, FOIA request, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552;

D. Award the Center its litigation costs and reasonable attorney fees, 5 U.S.C. § 552(a)(4)(E); and

E. Grand such other relief as this Court deems just and proper.


Respectfully submitted on December 17, 2025.


*/s/ Amy R. Atwood*
Amy R. Atwood (D.C. Bar No. 470258)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6401
atwood@biologicaldivesity.org

*/s/ Brandon Jones-Cobb*
Brandon Jones-Cobb (*pro hac vice* pending)
Center for Biological Diversity
P.O. Box 1178
Homer, AK 99603
(564) 397-0830, ext. 478
bjonescobb@biologicaldiversity.org

*/s/ Marlee Goska*
Marlee Goska (*pro hac vice* pending)
Center for Biological Diversity
P.O. Box 1178
Homer, AK 99603
(907) 931-4775
mgoska@biologicaldiversity.org